UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAUREN MILLER, individually and on behalf of all others similarly situated,<br><br>                     Plaintiff,<br><br>v.<br><br>DESIGNER FRAGRANCES AND COSMETICS CO., INC.<br><br>                     Defendant. | Case 1:13-cv-13231-DPW |

**AMENDED CLASS ACTION COMPLAINT**

Plaintiff, Lauren Miller ("Plaintiff"), by and through her undersigned counsel of record, on behalf of herself and all others similarly situated, submits the following class action complaint against Defendant Designer Fragrances and Cosmetics Co., Inc, ("DFCC" or "Defendant"), doing business in Massachusetts as Kiehl's Since 1851 ("Kiehl's"), and based upon personal knowledge as to her own acts and circumstances and based upon information and belief as to all other matters, alleges as follows.

## I.    SUMMARY OF THE ACTION

1. Plaintiff brings this action for redress of the unlawful practice of Defendant of collecting ZIP codes at checkout at its Massachusetts stores from customers who make purchases with Credit Cards[1], recording that information as part of the Credit Card transaction, and then using that information for its own marketing and promotional purposes, including to send

---

[1] The term "Credit Card," as used herein, is meant to include credit cards, debit cards, so-called hybrid cards (which can be used for credit and/or debit transactions), and/or any other device or instrument incorporated within the definition of "Credit Card" set forth in G.L. c. 93, § 104. *See Commonwealth v. Ryan*, 79 Mass. App. Ct. 179, 183-186 (Mass. App. Ct. 2011), *review denied*, 460 Mass. 1103 (2011).

1

unsolicited marketing and promotional materials, or "junk mail." This practice, which has affected Plaintiff and members of the Class, as described and defined herein, is an invasion of privacy and violates G. L. c. 93 § 105(a) and G. L. c. 93A, § 2.

2. Plaintiff, on behalf of herself and the Class, seeks damages for invasion of privacy and violation of c. 93, § 105(a) and accordingly, c. 93A, § 2, disgorgement of the profits or other benefits received by DFCC as a result of the practices described herein in violation of c. 93, § 105(a) and/or statutory damages under c. 93A, § 9(3). Plaintiff brings this action as a class action on behalf of herself and a class comprised of all persons whose ZIP codes were collected and recorded at any DFCC retail location in Massachusetts while making Credit Card purchases during the period from November 5, 2009 through the present (the "Class Period").

## II.   THE PARTIES

3. Plaintiff is an individual residing in Boston, Suffolk County, Massachusetts. Plaintiff has received unsolicited marketing and promotional mailings from DFCC as a result of Defendant's collection and recording of her ZIP code at checkout when she made purchases at a DFCC retail location and paid by Credit Card.

4. Defendant is organized under the laws of Delaware with a principal place of in New York, and is a subsidiary of L'Oreal USA, Inc. ("L'Oreal").

## III.   JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(d), because Plaintiff and Defendant are diverse, there are more than 100 Class members and the amount in controversy exceeds the sum of $5 million.

6. This Court has personal jurisdiction over Defendant pursuant to G.L. c. 223A, § 3(a) because: a) Defendant regularly transacts and has transacted business in the Commonwealth of Massachusetts by maintaining retail store locations in Massachusetts and selling products to Massachusetts customers; b) Defendant has committed torts within the Commonwealth of Massachusetts; c) Defendant solicits business within the Commonwealth of Massachusetts; and d) the acts or conduct that are the subject matter of this action arose from Defendant's transaction of business in Massachusetts.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because Defendant has places of business (retail locations) in this District, and because the events or omissions complained of herein took place, in all or substantial part, in this District.

## IV. FACTUAL ALLEGATIONS

8. G. L. c. 93, § 105(a) forbids the collection and recording of personal identification information in Credit Card transactions:

> Section 105 (a) No person, firm, partnership, corporation or other business entity that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form. Personal identification information shall include, but shall not be limited to, a credit card holder's address or telephone number.

9. ZIP codes are within Section 105(a)'s definition of personal identification information. *Tyler v. Michaels Stores, Inc.*, 464 Mass. 492, 506 (2013) ("[T]his Court holds that ZIP code numbers are 'personal identification information' under Section 105(a)").

10. Section 105(d) provides that "[a]ny violation of the provisions of this chapter shall be deemed to be an unfair and deceptive trade practice, as defined in section 2 of chapter 93A." Accordingly, a violation of Section 105(a), including the practice of collecting and recording ZIP codes in connection with Credit Card purchases, is also a violation of c. 93A, § 2 and thus actionable under c. 93A, § 9.

11. DFCC has three retail store locations in Massachusetts, under the name Kiehl's, and an outlet store in Wrentham, Massachusetts under its own name, selling products of L'Oreal and Kiehl's.

12. During the Class Period, DFCC has collected ZIP codes from customers when they make purchases with Credit Cards at its retail store locations. When a customer makes a purchase with a Credit Card, store employees ask the customer for his or her ZIP code at the register, and the employees then record that information on the credit card transaction form located on the register as part of the Credit Card transaction.

13. The ZIP code information that DFCC collects from Plaintiff and Class members is neither required by the Credit Card issuers nor necessary in order to complete the credit card transactions at the retail locations.

14. DFCC does not collect, record, and use the customers' (including Plaintiff's and Class members') ZIP code information in order to verify the customer's identity or for any other legitimate purpose in connection with the Credit Card transaction. Rather, DFCC uses this information for its own marketing and promotional purposes. Possession of the consumer's ZIP code information, together with the customer's name, enables Defendant to identify the

4

customer's address and/or telephone number through the use of commercially available databases.

15.  DFCC uses the ZIP code information it collects from customers (including Plaintiff and Class members) and the addresses and other information it then obtains, to send unsolicited marketing and promotional materials, or "junk mail," to customers, including Plaintiff and Class members.

16.  DFCC also has the ability to sell the ZIP code information it collects from customers (including Plaintiff and Class members) and the addresses and other information it then obtains, to third parties for a profit or to use the information for other marketing and promotional purposes.

17.  Plaintiff and Class members have suffered an injury as a result of Defendant's unlawful conduct by receiving unsolicited marketing and promotional materials, or "junk mail," from Defendant.  Plaintiff and Class members have also suffered an injury as a result of Defendant's misappropriation of their ZIP codes and other personal identification information for use in its marketing and promotional efforts and other improper and unlawful purposes, from which Defendant earns a profit and obtains other benefits.  Plaintiff's and Class members' personal identification information has commercial value, which is demonstrated by, among other things, the profit or other economic benefit Defendant obtains from the use of that information.

18.  Plaintiff's and Class members' damages as a result of this unlawful conduct include the invasion or breach of their privacy from the collection of their personal identification

information and the profit or other economic benefit obtained by Defendant from the use of that information.

19.     Plaintiff made at least three Credit Card purchases at DFCC retail locations during the Class Period, on or about December 21, 2010, April 2, 2012, and November 21, 2012.  These purchases were made at the Kiehl's store at 112 Newbury St. in Boston, Massachusetts, and Plaintiff made these purchases using her Sovereign Bank debit card.

20.     At the time of Plaintiff's purchases, while checking out at the register, the store clerk asked for and collected Plaintiff's ZIP code and recorded it as part of the Credit Card transaction.

21.     After Plaintiff provided her ZIP code as discussed above, DFCC began sending Plaintiff unsolicited marketing and promotional materials, or junk mail. Prior to having provided her ZIP code to DFCC, Plaintiff had not received any junk mail from DFCC, nor had she requested or consented to the receipt of any such materials.

22.      Plaintiff's Credit Card issuer does not require a purchaser's ZIP code in order to complete a credit card transaction.

## V.     CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this action on behalf of herself and as a class action, pursuant to the provisions of the provisions of Rules 23(a) and (b) of the Federal Rules of Civil Procedure and G.L., c. 93A, § 9(2) on behalf of a class defined as:

> All persons whose ZIP codes were collected and recorded at any DFCC Massachusetts retail location while making a Credit Card purchase from November 5, 2009 through the present (the "Class").

24. Excluded from the Class are Defendant and its subsidiaries and affiliates; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof. Plaintiff reserves the right to modify or amend the Class definition, as appropriate.

25. Certification of Plaintiff's claims for classwide treatment is appropriate because Plaintiff can prove the elements of her claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

26. Numerosity – Fed. R. Civ. P. 23(a)(1). The Class is so numerous that individual joinder of all Class members is impracticable. Plaintiff is informed and believes that there are at least hundreds, if not thousands of Class members, since there are three DFCC retail store locations in Massachusetts. The precise number of Class members and their addresses are unknown to Plaintiff, but may be ascertained from Defendant's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

27. Typicality – Fed. R. Civ. P. 23(a)(3). This action involves common questions of law and fact, which predominate over any questions affecting only individual Class members. All Class members were subject to the same business practice complained of, the collection and recording of their ZIP codes in connection with Credit Card purchases. Furthermore, common questions of law and fact, include, but are not limited to:

   a. Whether Defendant's conduct as alleged herein violates Massachusetts law, including the provisions of c. 93, § 105;

   b. Whether Defendant's conduct as alleged herein constitutes unfair and deceptive acts or practices in violation of c. 93A, § 2;

  c.  Whether Plaintiff and Class members have been injured by Defendant's unfair and deceptive acts or practices;

  d.  Whether Defendant's violation of c. 93A, § 2 was willful and knowing;

  e.  Whether Plaintiff and Class members are entitled to damages and if so, in what amount;

  f.  Whether Defendant has been unjustly enriched as a result of the conduct complained of herein;

  g.  Whether Plaintiff and the other members of the Class are entitled to restitution and, if so, in what amount; and

  h.  Whether Plaintiff and the other members of the Class are entitled to equitable relief, including but not limited to injunctive or declaratory relief.

28. Typicality – Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of the other members of the Class because, among other things, all Class members were similarly injured through the uniform misconduct described herein and all Class members have the same claim, *i.e.,* that Defendant's collection of ZIP codes violated and violates c. 93, Section 105(a).

29. Adequacy of Representation – Fed. R. Civ. P. 23(a)(4) and c. 93A, § 9(2). Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the other members of the Class she seeks to represent; she has retained counsel competent and experienced in class action litigation; and Plaintiff intends to prosecute this action vigorously. The Class's interests will be fairly and adequately protected by Plaintiff and her counsel.

30. Similarly Situated and Injured Persons -- c. 93A, § 9(2). The proposed Class consists of persons who have suffered the same injury as the Plaintiff and who, for the reasons stated above, are similarly situated to each other and to the Plaintiff.

31.     Superiority – Fed. R.Civ. P. 23(b).  A class action is superior to any other available methods for fairly and efficiently adjudicating this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  The damages or other financial detriment suffered by Plaintiff and the other members of the Class are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for Class members to individually seek redress for Defendant's wrongful conduct.  Even if the Class members could afford individual litigation, the court system could not.  Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI.  CLAIMS FOR RELIEF

### COUNT I
### (Unfair and Deceptive Business Practices
### G. L., c. 93A, §§ 2 and 9)

32.     Plaintiff realleges and incorporates the allegations in the preceding paragraphs as if set forth at length here.

33.     At all relevant times, Defendant was engaged in commerce for purposes of G. L. c. 93A.

34.     G. L. c. 93A, § 2 provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  G. L. c. 93A, § 9 permits any consumer injured by a violation of c. 93A, § 2 to bring a civil action, including a class action, for damages and injunctive relief.

35. By collecting and recording Plaintiff's and Class members' ZIP code information for its own promotional and marketing purposes when Plaintiff and Class members made Credit Card purchases at its Massachusetts retail store locations, in violation of c. 93, § 105(a), DFCC engaged in unfair and deceptive acts or practices in violation of c. 93A, § 2.

36. Plaintiff and Class members were injured by Defendant's conduct as alleged herein by the receipt of unsolicited promotional and marketing material sent by Defendant, using the ZIP code and other personal identification information unlawfully collected from Plaintiff and Class members.

37. Plaintiff and Class members were also injured as a result of Defendant's misappropriation of their commercially valuable personal identification information (including their ZIP codes and other information obtained by using the ZIP codes) for profit or other economic benefit.

38. Plaintiff and Class members suffered damages, including the invasion of their privacy and the profit or other economic benefit that Defendant obtained from the misappropriation of Plaintiffs' and Class members' personal identification information (including ZIP codes).

39. Defendant's unfair and deceptive acts or practices, as alleged herein, were and are willful and knowing violations of c. 93A, § 2, within the meaning of c. 93A, § 9(3).

40. On March 19, 2013, Plaintiff made a demand for relief, in writing, to Defendant, as required by G. L. c. 93A, § 9(3). Plaintiff made this demand on behalf of herself and the proposed Class. The demand letter explained in detail the nature of the unfair and deceptive acts or practices, the injuries suffered by Plaintiff and the Class, as well as demanding compensation

10

for those injuries and other relief. Defendant has failed to tender a reasonable offer of relief in response to Plaintiff's written demand.

41.     Based on the foregoing, Plaintiff and the other members of the Class are entitled to all remedies available pursuant to c. 93A, §9, including, but not limited to actual damages, statutory damages (to the extent that they are greater than actual damages), double or treble damages, disgorgement of Defendant's profits derived from its unlawful activities, injunctive relief, attorneys' fees and other reasonable costs.

## COUNT II

### (Unjust Enrichment)

42.     Plaintiff realleges and incorporates the allegations in the preceding paragraphs as if set forth at length here.

43.     Plaintiff and the other Class members conferred a benefit upon Defendant, in the form of the ZIP codes and other personal identification information they provided to Defendant when concluding Credit Card transactions at Defendant's retail locations.

44.     Plaintiff's and Class members' ZIP codes and other personal identification information provided to Defendant without consideration was commercially valuable, and Defendant misappropriated this information for its own improper purposes.

45.     Defendant had an appreciation or knowledge of the commercial value of the personal identification information, including ZIP codes, provided to it by Plaintiff and the other members of the Class, of the fact that such information was being provided to it without consideration, and of the benefits it could obtain from the use of that information.

46. Defendant's acceptance or retention of these benefits is inequitable under the circumstances outlined above and entitles Plaintiff and Class members to restitution or such other compensation as is appropriate in the circumstances.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Class, respectfully requests that the Court order the following relief:

A. An Order certifying the Class as requested herein;

B. An Order awarding actual damages or statutory damages in the sum of $25 per violation, whichever is greater;

C. An Order awarding double or treble damages;

D. An Order awarding disgorgement of Defendant's profits from its unlawful conduct;

E. An Order awarding restitution to Plaintiff and the other members of the Class;

F. An Order enjoining Defendant from continuing to engage in the unfair and deceptive acts or practices alleged;

G. An Order awarding attorneys' fees and costs to Plaintiff and the Class; and

H. Such other and further relief as may be just and proper.

## III. JURY DEMAND

Plaintiff demands a trial by jury of all claims in this Complaint so triable.

Dated:  May 21, 2014                              Respectfully submitted,

                                                  **PASTOR LAW OFFICE, LLP**

/s/ David Pastor_____
David Pastor (BBO # 391000)
63 Atlantic Avenue, 3d Floor
Boston, Massachusetts  02110
Telephone:  617-742-9700
Facsimile:  617-742-9701
dpastor@pastorlawoffice.com

**LEONARD LAW OFFICE, PC**

/s/ Preston W. Leonard_____
Preston W. Leonard (BBO # 680991)
63 Atlantic Avenue, 3d Floor
Boston, Massachusetts  02110
Telephone:  617-329-1295
pleonard@theleonardlawoffice.com

*Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 21, 2014.

/s/ David Pastor_____
David Pastor